## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11713-RWZ

GERARD D. GRANDOIT

v.

WELLS FARGO HOME MORTGAGE, *et al.*

### ORDER

March 29, 2013

ZOBEL, D.J.

Gerard D. Grandoit, a prolific (and abusive) producer of lawsuits, commenced this proceeding by submitting a complaint against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively "Wells Fargo"). The complaint, which arises from a foreclosure of plaintiff's condominium, is in 18 counts and comprises 40 pages exclusive of an addendum of 53 pages. His motion to proceed in forma pauperis was allowed and summons issued on December 22, 2011. On January 23, 2012, plaintiff moved for leave to file an amended complaint, again of 40 pages, but now with 20 counts. On the same day he also moved "to amend the complaint in adding the name of the new defendants," Network Capital Funding Corporation ("Network Capital") and Harmon Law Office, P.C., both of which motions were allowed. Each of the three defendants has moved to dismiss the amended complaint pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim (Docket ## 20, 29, and 32). Defendants also assert

defects based on Rules 8 and 9. Plaintiff filed an opposition styled "motion to show good causes in support of his complaint" which is supported by three memoranda of law, one for each motion which, together, total 117 pages exclusive of addenda and exhibits. The motions to dismiss are allowed.

First, the complaint utterly fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ P. 8(a)(2).

Second, even after trying to distill the lengthy allegations and to ascertain plaintiff's claims, it is clear that the complaint simply fails to state any claims upon which relief may be granted. For example, Count XV claims for "deprivation of his condominium," Count XX charges that Wells Fargo and Network Capital "did not pay the Condominium fee on the consolidation of the loan which leads to a constructive violations" (sic) and thus breached a fiduciary duty to plaintiff. Finally, the alleged wrong underlying the entire complaint is the failure of Wells Fargo to grant plaintiff a modification of his mortgage under HAMP. The claims based on that alleged wrong are unavailing as HAMP provides no private right of action.

Accordingly, the motions of all defendants to dismiss (Docket ## 20, 29 and 32) are allowed.

There remain six motions filed by plaintiff.

Motion to show cause (Docket # 36) is and will be treated as plaintiff's opposition to defendants' motion to dismiss.

The motions to supplement and correct pleadings and memoranda (Docket ## 34, 35, 43 and 45) are allowed.

Motion for leave to connect both cases together (Docket # 44) is denied as moot

2

because the filing of the amended complaint has already consolidated all claims against

the three defendants.

Judgment may be entered dismissing the amended complaint.

March 29, 2013
        DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

3